**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUNGMIN BAE, | Case No. 5:26-cv-02213-SPG-SSC |
| Petitioner, | **ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [ECF NO. 10]** |
| v. | |
| TODD BLANCHE; MARKWAYNE MULLIN; and WARDEN OF ADELANTO ICE PROCESSING CENTER, | |
| Respondents. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Habeas Petition, (ECF No. 1 ("Petition")), the records on file, and the Report and Recommendation of the United States Magistrate Judge, (ECF No. 10 ("R&R")). Further, the Court has engaged in a *de novo* review of those portions of the R&R to which objections may have been made. The Court hereby DECLINES to adopt the R&R and REMANDS the Petition to the Magistrate Judge for evaluation of the merits of the Petition.

## I.      Factual Background

Petitioner Sungmin Bae ("Petitioner") is a citizen of South Korea who entered the United States pursuant to the Visa Waiver Program and overstayed his visa period while pursuing an asylum claim.  On November 19, 2025, Petitioner was taken into custody by United States Immigration and Customs Enforcement ("ICE"), and he has been held at the Adelanto Detention Facility since that date.  On January 28, 2026, an Immigration Judge denied Petitioner's request for bond, concluding that it lacked jurisdiction to consider his request for custody redetermination.

On February 23, 2026, Petitioner filed a petition for writ of habeas corpus, seeking an order compelling ICE to provide a bond hearing.  Magistrate Judge Rocconi reviewed Petitioner's initial petition and recommended that Petitioner be granted a bond hearing.  On March 27, 2026, this Court accepted the report and recommendation and ordered Respondents to provide Petitioner a bond hearing within fourteen days, "at which the government shall bear the burden to justify, by clear and convincing evidence, Petitioner's continued detention during the pendency of his claim for asylum."  *See Bae v. Noem*, No. 5:26-cv-00941-SPG-MAR, ECF No. 15 (C.D. Cal. Mar. 27, 2026).

The Government complied with the Order and held a bond hearing on April 9, 2026, at which the Immigration Judge denied Petitioner's request for a change of custody status, concluding that Petitioner posed a flight risk.  Petitioner filed the instant Petition on April 28, 2026, asserting that the Immigration Judge "did not conduct a bond hearing under the protocols outlined by the District Court." (Petition at 2).  Specifically, Petitioner claimed that the Immigration Judge misapplied the applicable framework, did not issue a reasoned decision or consider alternatives to detention, and made comments about the bond hearing that demonstrated he was not a neutral adjudicator.  (*Id.* at 6).  Petitioner stated that he did not pursue an administrative remedy because appeal to the Board of Immigration Appeals ("BIA") "would have been futile."  (*Id.*).  In an accompanying memorandum, Petitioner

argued that the factors outlined in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), favored waiving the prudential administrative exhaustion requirement because (1) the BIA is not a "fact-finding authority" and an administrative appellate record is not necessary to resolve Petitioner's purely legal challenges; (2) the parties are bound by the administrative record, such that there can be no further factual development on appeal; and (3) bond appeals can take months, subjecting Petitioner to prolonged unlawful detention. (ECF No. 1-1 at 7-8).

On May 12, 2026, Magistrate Judge Christensen issued the R&R, recommending that the Petition be dismissed without prejudice for lack of administrative exhaustion. (R&R). The R&R acknowledges that administrative exhaustion is a prudential requirement but concludes that Petitioner "has not sufficiently established that waiver is warranted" because he has not explained why appeal would be futile or identified specific harm that he will suffer as a result of an extended appeal process. (*Id.* at 5).

On May 18, 2026, Petitioner filed Objections to the R&R. (ECF No. 13 ("Objections")). In his Objections, Petitioner argues that the R&R mischaracterizes the nature of the claims in his Petition by failing to acknowledge that his claims of error are structural and constitutional in nature, rather than factual. (*Id.* at 3). Petitioner also argues that the R&R fails to meaningfully apply binding Ninth Circuit case law that governs the determination of whether administrative exhaustion is required. (*Id.* at 4-7).

On July 23, 2026, this action was transferred to this Court as a related case to Petitioner's previous habeas petition.

## II.    Discussion

Where an immigration habeas petitioner has failed to exhaust administrative remedies, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, exhaustion

of administrative remedies in this context is a "prudential matter," which is "subject to waiver in § 2241 cases because it is not a jurisdictional prerequisite." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012) (internal quotation marks and citation omitted).

Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga*, 488 F.3d at 815 (citation omitted). However, even where the *Puga* factors favor requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted); *see also Ward*, 678 F.3d at 1045 ("Typically, exhaustion can be waived if pursuing those administrative remedies would be futile." (internal quotation marks, citation, and alterations omitted)).

The Court agrees with Petitioner that the R&R fails to apply the applicable tests for assessing whether to waive the administrative exhaustion requirement. As the Ninth Circuit has stated, *Puga* identifies the "factors a court should consider when deciding whether to excuse the prudential exhaustion requirement in a particular case." *Leonardo*, 646 F.3d at 1160. Despite Petitioner specifically raising this argument in his opening memorandum and reply brief, (ECF No. 1-1 at 7; ECF No. 9 at 6), the R&R does not cite *Puga* or analyze the factors identified in that case. Moreover, the R&R offers only cursory discussion of the exceptions to the exhaustion requirement outlined in *Laing* and other cases. Additionally, the Court agrees with Petitioner that the R&R mischaracterizes the nature of Petitioner's legal

challenges.  As Petitioner points out, the R&R states that Petitioner "concedes that the IJ placed the burden of proof by clear and convincing evidence on the government," (R&R at 4), when, in fact, Petitioner specifically argues that the Immigration Judge "did not hold the government attorney to its standard of establishing danger and flight risk by a clear and convincing standard," (ECF No. 1-1 at 10).

Because the R&R does not apply the applicable test, the Court will do so in the first instance, consistent with its obligation to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

As to the first factor, because the BIA is not a "fact-finding authority," the Court finds that administrative exhaustion would not generate any additional record that would facilitate a proper decision.  *Miri v. Bondi*, No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *10 (C.D. Cal. Mar. 5, 2026).  Instead, waiting to adjudicate this Petition until after any BIA adjudication would result in the same factual record currently available to the Court.  Because the claims here are questions of law, the BIA has no greater expertise that would allow it to reach a proper decision. *See Soriano v. Hernandez*, __ F. Supp. 3d __, 2026 WL 969764, at *3 (W.D. Wash. Apr. 10, 2026) ("[T]he facts in this case are undisputed and the actual issue is whether, as a matter of law, the undisputed evidence presented at the bond hearing could establish that Petitioner posed a flight risk.  Thus, the BIA's 'expertise' in immigration bond decisions is unnecessary to generate a proper record or reach a proper decision.").  Accordingly, this factor weighs in favor of waiver.

On the second factor, as a general matter, waiving the exhaustion requirement in any case could encourage others to bypass the administrative appeals process.  This case is no exception to that general rule.  However, as other courts have recognized under similar circumstances, because the Petition is requesting a pure determination of law, "it would be beneficial to provide the specific immigration court, which

regularly handles bond hearings, with guidance on the types of circumstances that may lead to a finding of constitutional deficiency." *Id.* at \*4; *see also Miri*, 2026 WL 622302, at \*11 (finding second factor weighed in favor of waiver because "resolution by this Court can provide guidance for future detainees"). The Court finds that this factor weighs against waiver, though not strongly.

Lastly, while it is true that the BIA could theoretically correct any legal error, the Court notes that the BIA "has been drastically reshaped within the past year" and has been "far less likely to provide" relief under similar circumstances. *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at \*3 (S.D. Cal. Apr. 16, 2026). More importantly, where, as here, "the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Soriano*, 2026 WL 969764, at \*4. Adjudication of BIA appeals is lengthy; as one court found, the average processing time for bond appeals in 2024 exceeded 200 days, *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1248 (W.D. Wash. 2025), and these numbers have likely increased as the immigration caseload has increased in the intervening years. During the pendency of the appeal, Petitioner would be subject to continued civil detention. As the Supreme Court has recognized, prudential exhaustion doctrines "contain exceptions . . . which [] permit early review when, for example, the legal question is 'fit' for resolution and delay means hardship." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000) (citation omitted). Petitioner is challenging his continued detention on constitutional due process grounds,[1] and it is "well established that the deprivation of constitutional rights 'unquestionably constitutes

---

[1] The Court further notes that, because the BIA "has no jurisdiction to adjudicate constitutional issues," *Bagues-Valles v. INS*, 779 F.2d 483, 484 (9th Cir. 1985), appeal of these issues to the BIA may be futile. *See Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 238 (W.D.N.Y. 2019) (waiving administrative exhaustion based on futility because "the BIA does not have jurisdiction to adjudicate constitutional issues" (citation omitted)).

irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (citation omitted); *see also Perez Velasquez*, 2026 WL 1042479, at \*4 (collecting cases for the proposition that "continued detention after a potentially legally inadequate [bond] hearing may constitute such irreparable harm"). Because this Petition poses legal questions and the factual record would not be developed on appeal, the matter is fit for resolution, and further delay would only exacerbate Petitioner's asserted injuries. Accordingly, this factor weighs strongly in favor of waiver. *See, e.g.*, *Mendoza v. Noem*, No. CV 25-3227-MWF(AGR), 2026 WL 923311, at \*5 (C.D. Cal. Apr. 1, 2026) (waiving exhaustion requirement because "BIA appeals can take months before resolution" and "[i]n the meantime Petitioner would be subject to detention that is almost certainly unlawful"); *Miri*, 2026 WL 622302, at \*11 ("[R]equiring [the petitioner] to go before the Board of Immigration Appeals would prolong his unconstitutional detention, thereby causing irreparable injury"); *Garcia v. Hyde*, 817 F. Supp. 3d 112, 125 (D.R.I. 2025) (waiving administrative exhaustion because petitioner "would likely face several additional months of detention while awaiting a BIA decision in his case"); *Hechavarria*, 358 F. Supp. 3d at 237 ("[B]ecause of delays inherent in the administrative process, BIA review would result in the very harm that the bond hearing was designed to prevent.").

Notwithstanding the general observation that waiving the administrative exhaustion requirement could lead others to forego administrative remedies, the *Puga* factors weigh in favor of waiver under the facts of this case. Given the length of BIA appeals, the possible futility of any such appeal in this case, Petitioner's assertions of constitutional injury and irreparable harm, the fact that a BIA appeal would not produce any additional factual record, and the fact that this case has already been fully briefed on the merits, the Court concludes that this matter is "fit" for resolution and further delay would only exacerbate Petitioner's alleged harms. The Court further notes that, because the deadline for an administrative appeal has now passed,

dismissal of the habeas petition would effectively deny Petitioner of any forum in which to raise his constitutional challenges to his continued detention.

### ORDER

For the foregoing reasons, the Court DECLINES to adopt the Magistrate's Report and Recommendation.  This matter is REMANDED to the Magistrate to adjudicate the merits of the Petition.

**IT IS SO ORDERED.**

DATED:  July 30, 2026

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

8